an equitable remedy could ever be worked out, and in what mode, I hold that the proof made by the receivers must stand, and that of Hall & Co. must be expunged.

---

COLUMBIAN INS. CO. (CATLETT v.). See Case No. 2,514.

COLUMBIAN INS. CO. (DONNELL v.). See Case No. 3,987.

COLUMBIAN INS. CO. (GARDNER v.). See Cases Nos. 5,224 and 5,225.

COLUMBIAN INS. CO. (SANDERSON v.). See Case No. 12,298.

COLUMBIAN INS. CO. (STUART v.). See Case No. 13,554.

COLUMBIAN INS. CO. (UNITED STATES v.). See Case No. 14,840.

COLUMBIAN INS. CO. (VOWELL v.). See Case No. 17,019.

COLUMBIAN INS. CO. (WEST v.). See Case No. 17,421.

---

## Case No. 3,038.

### COLUMBIAN INS. CO. OF ALEXANDRIA v. ASHBY.

#### Circuit Court, District of Columbia.

[Nowhere reported; opinion not now accessible. For decisions of the supreme court on appeal in this case, see Columbian Ins. Co. v. Ashby. 4 Pet. (29 U. S.) 139, 13 Pet. (38 U. S.) 331.]

---

## Case No. 3,039.

### In re COLUMBIAN METAL WORKS.

[3 N. B. R. 75 (Quarto, 18).][1]

District Court, S. D. New York. June 16, 1861.

BANKRUPTCY—SALE OF ENCUMBERED ASSETS.

1. The bankruptcy court has full power to order the sale of encumbered assets in such manner as it chooses to direct.

[Cited in Giveen v. Smith, Case No. 5,467; Re Brinkman, Id. 1,884; Sutherland v. Lake Superior Ship Canal, Railroad & Iron Co., Id. 13,643.]

2. Where assignee had commenced suit in the United States district court against lien-holders, the bankruptcy court ordered the sale jointly by the assignee and the referee, of certain mortgaged property, and the deposit of proceeds in the treasury of the court to await the determination of the suit against the said lien-holders.

BLATCHFORD, District Judge. In so far as Strauss, Bianchi & Co. have a lien by mortgage, judgment, or decree, on any real or personal property of the bankrupts, there can be no doubt of the power of this court, under the 20th section of the bankruptcy act [of 1867 (14 Stat. 526)], to sell such property in such manner as it chooses to direct. The property has passed to the assignee in bankruptcy, subject, at most, to the lien.

In view of the suit instituted in this court by the assignee in bankruptcy, against Strauss, Bianchi & Co., I think that the proceeds of any sale on the judgment or decree recovered on the mortgage, ought not to be allowed to be applied thereon until the determination of the suit. At the same time the property claimed to be covered by the mortgage, and embraced in the judgment or decree of foreclosure, ought to be sold at once, in such manner as to produce the largest possible amount, for the benefit of whoever may be entitled to it. To that end, an order will be entered, permitting and directing the sale at auction, by the referee and the assignee in bankruptcy, jointly, of so much of the property of the bankrupts as is claimed by Strauss, Bianchi & Co. to be covered by the mortgage and embraced in the judgment or decree; so much thereof as is claimed by the assignee in bankruptcy not to be covered by the mortgage or embraced in the judgment or decree, by the terms thereof, to be sold separately from the residue, and a separate report of the sale price thereof to be made. The letters patent, owned by the bankrupts, and claimed to be pledged to Strauss, Bianchi & Co., to secure the debt due to them, will, under the authority of the said 20th section, be sold jointly by the assignee in bankruptcy and by Strauss, Bianchi & Co., at auction, at the same time and place, and a separate report will be made of the sale price thereof: provision will be made for assignment of the letters patent by the vendors. The net proceeds of the above-named sales will be brought into this court, with a view to their being deposited on interest in the United States Trust Company, to await the determination of the said suit against Strauss, Bianchi & Co. The deductions to arrive at net proceeds will not include the fees of the referee or of the assignee for their services, or any expenses, fees, or costs, except those properly attending the sales; namely, printing, advertising and auctioneer's fees, and minor disbursements, to be enumerated by items in the report of sale. The fees of the referee and assignee will be adjusted afterwards by this court on proper application. The assignee will also sell at auction, at the same time and place, all property now in his possession, on the premises formerly occupied by the bankrupts, which is not embraced in the other sales above authorized and directed. The details of the necessary order, if not agreed to by the parties, will be presented for settlement. The injunction heretofore issued will be modified by the order, in so far as may be necessary to allow the foregoing sales to be made.[2]

[2]In re Stewart [5 Abb. Pr. (N. S.) 68]; In re Barrow [Case No. 1,057]; In re McClellan [Id. 8,694]; In re Alabama & F. R. R., 1 N. B. R. 100; In re Salmons [Case No. 12,268]; Foster v. Ames [Id. 4,965]; In re Rhodes [Id. 11,746].

---

[1] [Reprinted by permission.]